IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GABRIEL A. GARDNER, | ) | |
| No. M33236, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-00857-NJR |
| | ) | |
| IDOC, | ) | |
| WARDEN MARTIN, | ) | |
| ERIC MIRANDA, and | ) | |
| UNKNOWN PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Gabriel A. Gardner, an inmate in Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events that occurred while he was housed at Shawnee Correctional Center. More specifically, it is alleged that Plaintiff's cellmate repeatedly abused, beat and raped him during a two-month period in 2013.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the relatively succinct complaint, during May and June of 2013, Plaintiff's cellmate at Shawnee Correctional Center, Eric Miranda, escalated from slapping Plaintiff around to preventing him from receiving his meals, to more severe beatings, to forced oral sex, and eventually to rape—often involving Plaintiff being tied up. According to the complaint, "[t]he segregation staff had a gross disregard for what was being done to [Plaintiff]." (Doc. 1, p. 6). That quoted assertion is the sole mention of the involvement of prison personnel in the events at issue.

Attached to the complaint is a letter from the Johnson County State's Attorney indicating that inmate Miranda had pleaded guilty to aggravated battery and was sentenced to a ten-year term of imprisonment, to run consecutively to his current sentence (Doc. 1, p. 13). Three pages of recent mental health progress notes are also appended to the complaint (Doc. 1, pp. 10-12).

Suit is brought against three named parties and numerous unidentified correctional officers and nurses at Shawnee. The named defendants are:  Illinois Department of Corrections

("IDOC"), Warden Martin, and inmate Miranda. Compensatory and punitive damages are sought.

## Discussion

The allegations in the complaint are certainly fodder for a claim that prison officials failed to protect Plaintiff from harm at the hands of inmate Miranda, in violation of the Eighth Amendment. There may also be other possible claims under the Eighth Amendment for deliberate indifference, but the scant factual narrative does not allow for more than mere speculation. In any event, the complaint must be dismissed for the reasons set forth below. Dismissal will be without prejudice, leaving open the possibility that Plaintiff can re-plead his case in another action after he has exhausted administrative remedies.

### *The Claims and Defendants*

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST. amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials have a constitutional duty to protect inmates "from violence at the hands of other inmates." *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002). Thus, the sort of physical attacks described in the complaint fall under the ambit of the Eighth Amendment.

Inmate Miranda most likely cannot be held liable under Section 1983, which is only applicable to those acting under color of law, such as prison officials. *See* 42 U.S.C. § 1983; *Henderson v. Pate*, 409 F.2d 507, 508 (7th Cir. 1969) (absent any evidence that an aggressor-

inmate was acting under color of law, that inmate cannot be held liable under Section 1983). Relative to the other defendants, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior. *Id*. at 835. Rather, the corrections official must have acted with the equivalent of criminal recklessness. *Id*. at 836–37.

Because personal involvement is required for liability to attach, the doctrine of *respondeat superior*—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Thus, Warden Martin cannot face liability merely because he is the warden of the institution. Allegations that senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations can, however, suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc*., 305 F.3d 603, 615 (7th Cir. 2002). "Supervisory liability will be found … if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill*., 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

With respect to the IDOC, the Eleventh Amendment bars suits against an un-consenting state—including its agencies and officers in their *official* capacities—for monetary damages. *See*

*Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Administration*, 603 F.3d 365, 370 (7th Cir. 2010). The complaint seeks only monetary damages.

For the reasons stated, the complaint fails to state a claim upon which relief can be granted and it must be dismissed.

*Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.,* 182 F.3d 532, 534–535 (7th Cir. 1999) (stating that Section 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under Section 1983).

Although exhaustion of administrative remedies is an affirmative defense and not a pleading requirement, the Supreme Court has recognized that a plaintiff can still plead himself out of court on such a basis, as with any affirmative defense, such as a statute of limitations. *Jones v. Bock*, 549 U.S. 199, 211-212, 215 (2007); *see also Kalinowski v. Bond*, 358 F.3d 978, 978 (7th Cir. 2004). The complaint unequivocally indicates that Plaintiff did not even attempt to utilize administrative grievance procedures before filing this action, because Plaintiff mistakenly characterizes the events at issue as "criminal" and not properly redressed through the administrative system, and because monetary damages are unavailable from the IDOC (*see* Doc. 1, p. 4). The civil remedy Plaintiff now seeks under Section 1983 (monetary damages) is distinct from the criminal courts where inmate Miranda was prosecuted. *Unless* administrative remedies

are unavailable to Plaintiff, in order to proceed with a civil action he must exhaust the administrative process, even if the relief sought cannot be authorized through that process. *See Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006).

Therefore, this action was prematurely filed and must be dismissed without prejudice, regardless of whether a colorable constitutional claim had been stated. If and when the exhaustion requirement is satisfied, Plaintiff can file a new action. This is why Plaintiff is not being given an opportunity to merely amend his complaint to sate a colorable claim; he must start anew.

*The Filing Fee*

Plaintiff's motion for pauper status was granted by separate order. Plaintiff's obligation to pay the filing fee for this action was incurred at the time the complaint was filed, thus the filing fee of $350.00 remains due and payable, even though this action is being dismissed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, this action is **DISMISSED without prejudice** due to Plaintiff's failure to exhaust available administrative remedies, as required under 42 U.S.C. § 1997e(a). Consequently, Plaintiff's pending motion for counsel (Doc. 3) is **DENIED as moot**. This dismissal shall not count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g). Judgment shall enter accordingly, and the Clerk of Court shall close this case.

**IT IS SO ORDERED.**

**DATED: August 14, 2014**

_Digitally signed by Nancy J Rosenstengel_
_Date: 2014.08.14 10:20:31 -05'00'_

**NANCY J. ROSENSTENGEL**
**United States District Judge**